LEWIS BRISBOIS BISGAARD & SMITH LLP
ALEX A. GRAFT, SB# 239647
    E-Mail: Alex.Graft@lewisbrisbois.com
V. T. SATHIENMARS, SB# 282619
    E-Mail: V.Sathienmars@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants
WILLIAM A. MASSARWEH, an individual and
THE LAW OFFICES OF WILLIAM A. MASSARWEH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD THOMPSON,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM A. MASSARWEH, an individual; THE LAW OFFICES OF WILLIAM A. MASSARWEH; and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**DECLARATION OF V. T. SATHIENMARS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a), 1441 and 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Action Filed:   September 6, 2016<br>Trial Date:       None Set |

I, V. T. Sathienmars, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants WILLIAM A. MASSARWEH, an individual and THE LAW OFFICES OF WILLIAM A. MASSARWEH (collectively, "Defendants"). The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. On September 6, 2016, Plaintiff RICHARD THOMPSON ("Plaintiff") filed the Summons and Complaint in the above-captioned action. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

3. On August 4, 2017, Defendants, by and through their attorneys, each executed Notices of Acknowledgement of Receipt of Summons and Complaint in the aforesaid civil action pursuant to Code of Civil Procedure section 415.30 ("NARs"), both of which were filed by Plaintiff with the Contra Costa County Superior Court on September 6, 2017. True and correct copies of the NARs are attached hereto as **Exhibit B**. A true and correct copy of the register of action for the aforesaid civil action evidencing the filing of the NARs is attached hereto as **Exhibit C**.

3. Paragraph 1 of Plaintiff's Complaint alleges that Plaintiff is a resident of the State of Oregon, and paragraphs 2-3 allege that Defendants are residents of the State of California, thus demonstrating complete diversity.

4. The Plaintiff's Complaint, inclusive of paragraphs 25-44, allege causes of action for professional malpractice, breach of contract, breach of fiduciary duty and negligence which renders the amount in controversy well in excess of $75,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 13, 2017, at San Francisco, California.

/s/ V.T. Sathienmars
V. T. Sathienmars

EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WILLIAM A. MASSARWEH, an individual; THE LAW OFFICES OF WILLIAM A. MASSARWEH; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD THOMPSON



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
2016 SEP -6 P 12:06
STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
OF CONTRA COSTA COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
725 Court Street
Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):*
C16-01631

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew M. Oliveri, Esq. #230486; Meghan E. Oliveri, Esq #236107    (925)553-3371
Oliveri Law, LLP
2010 Crow Canyon Place, Suite 100 San Ramon, CA 94583

DATE: SEP - 6 2016    Clerk, by C. A. JACALA, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

MATTHEW M. OLIVERI, ESQ. SBN 230486
MEGHAN E. OLIVERI, ESQ. SBN 236107
OLIVERI LAW, LLP
2010 Crow Canyon Place Suite 100
San Ramon, CA 94583
Telephone: (925) 553-3371; Facsimile: (925) 406-0773
Email: matt@oliverilaw.com; meghan@oliverilaw.com

Attorneys for PLAINTIFF,
RICHARD THOMPSON

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

CONTRA COSTA COUNTY

RICHARD THOMPSON,

    Plaintiff,

v.

WILLIAM A. MASSARWEH, an individual; THE LAW OFFICES OF WILLIAM A. MASSARWEH; and DOES 1-10, Inclusive

Case No. C16-01681

COMPLAINT FOR:
(1) PROFESSIONAL MALPRACTICE
(2) BREACH OF CONTRACT;
(3) BREACH OF FIDUCIARY DUTY;
(4) NEGLIGENCE

COMES NOW PLAINTIFF RICHARD THOMPSON ("Plaintiff"), by and through Oliveri Law LLP, and for his Complaint, respectfully submits the following:

## I. BACKGROUND FACTS

1. Plaintiff is an adult male and former resident of Contra Costa County, California who just moved to Oregon in July 2016.

2. Defendant William A. Massarweh is an attorney at law with an office located at 3100 Oak Road Suite 250, City of Walnut Creek, Contra Costa County, California.

3. Defendant Law Offices of William A. Massarweh is an entity of unknown formation with an office located at 3100 Oak Road Suite 250, City of Walnut Creek, Contra Costa County, California.

4.  Plaintiff is unaware of the true names of the Doe Defendants and thus sues these individuals/entities as Doe Defendants. When and if Defendant becomes aware of their true identities, Plaintiff will file an amendment to the operative pleading to properly identify these individuals/entities.

5.  Plaintiff alleges that each Defendant was the co-tortfeasor, agent, employee, contractor, assign, successor, and/or co-conspirator of the other Defendants, and that any liability owed to Plaintiff by one Defendant is owed by all Defendants, jointly and severally.

6.  Plaintiff alleges that venue is proper in Contra Costa County, California because the acts and conduct of the Defendants giving rise to this action occurred in Contra Costa County, California.

7.  On March 29, 2002, Plaintiff executed a Premarital Agreement with his then fiancé Cynthia Grace, which identified Plaintiff's pre-marital assets as his separate property. The March 29, 2002 Premarital Agreement is incorporated herein by reference.

8.  Plaintiff and Ms. Grace married in 2005.

9.  In August 2005, at Mrs. Grace's suggestion, Plaintiff and Mrs. Grace hired Defendants to prepare an Estate Plan and several other documents for the Parties. Plaintiff believed the Estate Plan would not affect his separate property rights and protections in his premarital assets. Plaintiff believed and assumed the documents that Defendants would prepare were to assist with the transfer of assets after their deaths, to avoid probate, and to possibly reduce estate taxes.

10.  Defendants prepared several documents but did not advise Plaintiff that the documents would eliminate his separate property rights in all of his premarital assets.

THOMPSON V. MASSARWEH COMPLAINT                           2

Defendants did not advise Plaintiff to consult with independent counsel or seek legal advice regarding the effect that the documents would have on his separate property rights.

11. One of the documents prepared by Defendants, "Revocation of Premarital Agreement," explicitly revoked the 2002 Premarital Agreement and effectively eliminated Plaintiff's separate property rights and protections in all of his premarital assets. The "Revocation of Premarital Agreement" is incorporated herein.

12. One of the other documents prepared by Defendants, "Property Agreement," converted all of the Parties' property into community property without specifically recognizing or protecting Plaintiff's separate property rights in his premarital assets. The "Property Agreement" is incorporated herein.

13. One of the other documents prepared by Defendants, "Assignment of Personal Property," converted all of the Parties' personal property into a living trust without specifically recognizing or protecting Plaintiff's separate property rights in his premarital assets. The "Assignment of Personal Property" is incorporated herein.

14. One of the other documents prepared by Defendants, "Revocation of Joint Venture Agreement," had the effect of converting all of the Parties' property into community property without specifically recognizing or protecting Plaintiff's separate property rights in his premarital assets. The "Revocation of Joint Venture Agreement" is incorporated herein.

15. One of the other documents prepared by Defendants was a living trust, which transferred all of the Parties' property into a living trust. The "Thompson-Grace Living Trust, dated August 19, 2005" is incorporated herein.

16. Plaintiff was unaware that the documents the Defendants had prepared would effectually and eventually eliminate his separate property rights in all of his premarital assets.

17. On August 19, 2005, Plaintiff and Mrs. Grace executed all of the documents prepared by Defendants, which Defendant William A. Massarweh notarized utilizing his notary public designation.

18. In 2008, Plaintiff and Mrs. Grace met again with Defendants, at which time their living trust was restated and slightly amended. At no time did Defendants communicate to Plaintiff that his separate property rights in his premarital assets had been extinguished by the 2005 execution of the documents prepared by Defendants. Defendants also did not, again, advise Plaintiff to seek independent legal advice concerning the execution of the documents.

19. In 2015, Plaintiff and Mrs. Grace separated, and Mrs. Grace filed a Petition for Dissolution of Marriage in Contra Costa County, California, Case # D15-00654.

20. In September 2015, Plaintiff and Mrs. Grace litigated (on Day 1 of a multi-day trial) the issue of the effect of the 2005 documents executed by Plaintiff and Mrs. Grace.

21. On October 8, 2015, the Court entered an Order that the 2005 "Revocation of Premarital Agreement" document executed by Plaintiff and prepared by Defendants constituted a valid transmutation of Plaintiff's separate property to community property. The October 8, 2015 Findings and Order After Hearing is incorporated herein.

22. On April 11, 2016, after another 2 days of trial pertaining to the 2005 documents described herein, the Court entered an order that the documents executed by Plaintiff on August 19, 2005, validly transmuted his premarital separate property to community property. The October 8, 2015 Findings and Order After Hearing is incorporated herein.

23. On July 13, 2016, the Court entered an Order that the 2005 Documents prepared by Defendants and executed by Plaintiff did not preserve any Family Code Section 2640 right of reimbursement or other protections to Plaintiff pertaining to his premarital separate property. The July 13, 2016 Findings and Order After Hearing is incorporated herein.

24. Plaintiff would never have executed any of the 2005 documents prepared by Defendants had he known that his separate property rights in all of his premarital assets was being extinguished. Had Defendants advised Plaintiff to seek independent legal advice, Plaintiff would have done so. Had Defendants advised Plaintiff that if he executed the 2005 documents, his separate property rights would be extinguished, he would not have done so.

## CAUSE OF ACTION 1: PROFESSIONAL MALPRACTICE

25. Petitioner incorporates all prior paragraphs.

26. Both in 2005 and 2008, Defendants knew, or should have known, that by executing all of the documents prepared by Defendants, Plaintiff could be and probably was giving up all of the protections afforded to him by the 2002 Premarital Agreement, most notably protecting all his separate property rights in his large investment accounts.

27. Defendants should have advised Plaintiff to seek independent legal advice before executing the documents that Defendants had prepared, but Defendants did not advise Plaintiff appropriately.

28. Plaintiff learned for the first time in late 2015 that his separate property rights and protections in his premarital assets may be gone due to the 2005 document execution.

---

29. Plaintiff learned in 2016 that the trial Court ruled that his separate property rights and protections in his premarital assets was extinguished when he executed the 2005 documents.

30. Defendants conduct as alleged herein has caused damage to Plaintiff, in amounts to be proven at trial.

## CAUSE OF ACTION 2: BREACH OF CONTRACT

31. Petitioner incorporates all prior paragraphs.

32. The Parties entered into a contract wherein Defendants promised to provide competent service to Plaintiff as a duly licensed Attorney.

33. Defendants breached that contract based on the conduct alleged herein.

34. Plaintiff has mitigated his damages to the best of his ability and as much as practical under law.

35. Defendants are the legal and proximate cause of Plaintiff's injuries.

36. Plaintiff is entitled to damages, in amounts to be proven at trial.

## CAUSE OF ACTION 3: BREACH OF FIDICUARY DUTY

37. Petitioner incorporates all prior paragraphs.

38. As an Attorney, Defendants owed a Fiduciary Duty to Plaintiff to act in his best interests.

39. Defendants breached that duty by its conduct as alleged herein.

40. Plaintiff is entitled to damages, in amounts to be proven at trial.

THOMPSON V. MASSARWEH, COMPLAINT

6

## CAUSE OF ACTION 4: NEGLIGENCE

41. Petitioner incorporates all prior paragraphs.

42. Defendants owed a duty of care to Plaintiff to use the reasonable skill and care of similarly situated Attorneys in the area, and Defendants breached that duty by drafting documents and not advising Plaintiff that if he executed the documents, Plaintiff could be and probably was extinguishing his separate property rights in his premarital assets, and by not advising Plaintiff to seek independent legal advice.

43. Defendants are the legal and proximate cause of Plaintiff's damages.

44. Plaintiff has been damaged, in amounts to be proven at trial.

WHEREFORE, PLAINTIFF respectfully prays for the following relief:

A. Trial by jury;

B. Judgment against the Defendants, jointly and severally;

C. General Damages;

D. Compensatory Damages;

E. Attorneys' Fees and Costs of suit; and

F. Any and all other relief available to Plaintiff and which the Court deems appropriate in this case.

Dated: September 6, 2016          By: OLIVERI LAW, LLP

                                  Matthew M. Oliveri, Esq.

EXHIBIT B

Thompson v Massarweh
50012-4905
Court / Pleading

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew M. Oliveri, Esq. SBN 230486<br>Meghan E. Oliveri, Esq. SBN 236107<br>2010 Crow Canyon Place, Suite 100<br>San Ramon, CA 94583<br>TELEPHONE NO.: (925)553-3371  FAX NO. *(Optional)*: (925)406-0773<br>E-MAIL ADDRESS *(Optional)*: matt@oliverilaw.com; meghan@oliverilaw.com<br>ATTORNEY FOR *(Name)*: Richard Thompson, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Justice Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Richard Thompson

DEFENDANT/RESPONDENT: William Massarweh et. al.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: C16-01631

TO *(insert name of party being served)*: ~~Law Offices of William Massarweh~~ William Massarweh, an individual

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9-9-2016

Matthew M. Oliveri, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*:

Notice of Case Management Conference; Blank Case Management Statement; Advisements by the Court for ADR and Discovery Facilitator

*(To be completed by recipient)*:

Date this form is signed: August 4, 2017
Alex A. Graft, attorneys for
William Massarweh, an individual

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Thompson v. Massarweh
50012-4805
Court / Pleading

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew M. Oliveri, Esq. SBN 230486<br>Meghan E. Oliveri, Esq. SBN 236107<br>2010 Crow Canyon Place, Suite 100<br>San Ramon, CA 94583<br>TELEPHONE NO.: (925)553-3371   FAX NO. (Optional): (925)406-0773<br>E-MAIL ADDRESS (Optional): matt@oliverilaw.com; meghan@oliverilaw.com<br>ATTORNEY FOR (Name): Richard Thompson, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Justice Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Richard Thompson

DEFENDANT/RESPONDENT: William Massarweh et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>C16-01631 |
|---|---|

TO (insert name of party being served): Law Offices of William Massarweh

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9-9-2016

Matthew M. Oliveri, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other (specify):

Notice of Case Management Conference; Blank Case Management Statement; Advisements by the Court for ADR and Discovery Facilitator

(To be completed by recipient):

Date this form is signed: August 4, 2017

Alex A. Graft, attorneys for
Law Offices of William Massarweh
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT C



**Actions**

Home | Complaints/Parties | Actions | Minutes | Pending Hearings | Case Report | Images

Open Quick Search

## Case CIVMSC16-01631 - RICHARD THOMPSON VS WILLIAM MASSARWEH

Move To This Date

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 10/23/2017 9:00 AM DEPT. 09 | CASE MANAGEMENT CONFERENCE - Minutes | | |
| | 10/23/2017 7:00 AM DEPT. 09 | CHECK FOR REQUEST FOR ENTRY OF DEFAULT | | |
| | 09/06/2017 | CLERK'S TICKLER TO CHECK FOR REQUEST FOR ENTRY OF DEFAULT WAS SET FOR 10/23/17 AT 7:00 IN DEPT. 09 | | |
| | 09/06/2017 | PROOF OF SERVICE BY MAIL W/NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF COMPLAINT FILED 09/06/2016 OF RICHARD THOMPSON AS TO DEFT(S) THE LAW OFFICES OF WILLIAM A MASSARWEH, SIGNED ON 08/04/17 FILED | Not Applicable | N/A |
| | 09/06/2017 | PROOF OF SERVICE BY MAIL W/NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF COMPLAINT FILED 09/06/2016 OF RICHARD THOMPSON AS TO DEFT(S) WILLIAM A MASSARWEH, SIGNED ON 08/04/17 FILED | Not Applicable | N/A |
| | 07/24/2017 9:00 AM DEPT. 09 | CASE MANAGEMENT CONFERENCE - Minutes | Complete | |
| | 04/24/2017 9:00 AM DEPT. 09 | CASE MANAGEMENT CONFERENCE - Minutes | NOT HEARD/CONT | |
| | 02/02/2017 | COPIES | Not Applicable | |
| | 01/24/2017 9:00 AM DEPT. 09 | HEARING ON OSC RE: WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANTS/PROSECUTE CASE - Minutes | DROPPED BY COURT | |
| | 01/24/2017 9:00 AM DEPT. 09 | CASE MANAGEMENT CONFERENCE - Minutes | NOT HEARD/CONT | |
| | 01/23/2017 | RESPONSE TO ORDER TO SHOW CAUSE FILED BY RICHARD THOMPSON | Not Applicable | N/A |
| | 01/23/2017 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY RICHARD THOMPSON | Not Applicable | N/A |
| | | CHECK FOR PROOF OF SERVICE | OSC ISSUED | |

| | | | | |
|---|---|---|---|---|
| | 11/16/2016<br>7:00 AM<br>DEPT. 09 | | | |
| | 09/06/2016 | CLERK`S TICKLER TO CHECK FOR PROOF OF SERVICE WAS SET FOR 11/16/16 AT 7:00 IN DEPT. 09 | | |
| | 09/06/2016 | CASE MANAGEMENT CONFERENCE WAS SET FOR 1/24/17 AT 9:00 IN DEPT. 09 | | |
| | 09/06/2016 | COLOR OF FILE IS PURPLE | Not Applicable | |
| | 09/06/2016 | ORIGINAL SUMMONS ON COMPLAINT FILED 09/06/2016 OF RICHARD THOMPSON FILED | Not Applicable | N/A |
| | 09/06/2016 | CASE ENTRY COMPLETE | Not Applicable | |
| | 09/06/2016 | CASE HAS BEEN ASSIGNED TO DEPT. 09 | | |
| | 09/06/2016 | COMPLAINT FILED. SUMMONS IS ISSUED | Not Applicable | N/A |

# CERTIFICATE OF SERVICE

Thompson v Massarweh, et al.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September __, 2017, I served the following document(s): **DECLARATION OF V.T. SATHIENMARS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1441 AND 1446**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**Attorneys for Plaintiff**
Matthew M. Oliveri, Esq.
Meghan E. Oliveri, Esq.
OLIVERI LAW, LLP
2010 Crow Canyon Place, Suite 100
San Ramon, CA 94583
Phone: 925-553-3371
Fax:    925-406-0773
matt@oliverilaw.com
meghan@oliverilaw.com

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Dated: September 13, 2017          */s/ Daisy Williams-Griffin*
                                    Daisy Williams Griffin

4847-6787-2335.1